# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DWAYNE JORDAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. |
| | ) | |
| CAPSTONE LOGISTICS, LLC, and | ) | |
| LMS INTELLIBOUND, LLC, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW Plaintiff Dwayne Jordan ("Plaintiff"), and for his Complaint against Defendants Capstone Logistics, LLC and LMS Intellibound, LLC (hereinafter collectively referred to as "Defendants"), states and alleges as follows:

### Nature of Case

1. Plaintiff was employed by Defendants (or their predecessors) from approximately August 2016 until June 2018. During the relevant time periods preceding this action, Defendants suffered or permitted Plaintiff to work overtime hours for which he was not paid. Plaintiff seeks to recover unpaid overtime wages and other damages under the Fair Labor Standards Act ("FLSA") and the Missouri Minimum Wage Law ("MMWL"). In addition, Defendants unlawfully retaliated against Plaintiff for complaining about Defendants' wage/hour practices. In response to Plaintiff's protected activity, Defendants subjected Plaintiff to written discipline, suspended Plaintiff, and terminated his employment. Plaintiff therefore seeks to recover damages for Defendants' violation of the anti-retaliation provision of the FLSA.

1

**Jurisdiction and Venue**

2. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions.  Jurisdiction over Plaintiff's FLSA claim is based on 29 U.S.C. § 216(b) and 29 U.S.C. § 1331.

3. Missouri law authorizes court actions by private parties to recover damages for violation of the MMWL, R.S.Mo. § 290.500 *et seq.* R.S.Mo. § 290.527.  Jurisdiction over Plaintiff's MMWL claim is based on 28 U.S.C. § 1367 and R.S.Mo. § 290.527.

4. Venue in this district is proper because Defendants do business in this district and employed Plaintiff to work in this district, and because substantial unlawful conduct giving rise to the claims set forth in the Complaint occurred in this district.

5. Defendant Capstone Logistics, LLC is an LLC registered to do business in the State of Missouri, and has a business location and does business within this judicial district and the State of Missouri.

6. Defendant LMS Intellibound, LLC is an LLC registered to do business in the State of Missouri, and has a business location and does business within this judicial district and the State of Missouri.

**General Allegations**

7. Plaintiff worked for Defendants (or their predecessors) as a production employee from approximately August 2016 to June 2018.  Plaintiff's consent to join the FLSA action is attached hereto as Exhibit 1.

8. Plaintiff worked at Defendants' St. Charles, Missouri location.

9. While employed by Defendants, Plaintiff was paid based on production, and he was paid a designated amount of compensation for every truck that he unloaded.

10. Plaintiff regularly worked well in excess of 40 hours per week while employed by Defendants.

11. Defendants did not pay Plaintiff one-and-one-half times his regular or "production" rate of pay for all hours worked over 40 per workweek.

12. As part of an arrangement instituted by Plaintiff's supervisor, Sarah Miller, Plaintiff routinely worked substantial "off-the-clock" hours without appropriate overtime pay.

13. Ms. Miller's practice was to manipulate Plaintiff's time records (she managed his time records rather than having Plaintiff clock in and clock out for himself) so that he received overtime compensation in an amount that was far less than what he was actually owed.

14. According to Ms. Miller, this practice became necessary after she was informed by Capstone representatives that the Company wanted to limit overtime pay to its employees. Ms. Miller attempted to justify this arrangement by stating to Plaintiff that he was more reliable than the other workers, that she needed him to work additional hours, and that he would get paid more by working extra hours due to the increased production pay.

15. In late April 2018, Ms. Miller informed Plaintiff that she had received an email from Capstone corporate informing her that she needed to reduce Plaintiff's pay. She stated that the off-the-clock arrangement would have to conclude, and that Plaintiff was now not allowed to work over 40 hours a week and could not make more than approximately $1000.00 per week.

16. Accordingly, Ms. Miller gave Plaintiff a new, reduced work schedule. However, almost immediately upon setting this supposed schedule, Ms. Miller began requiring Plaintiff to work in excess of that schedule. In response, Plaintiff complained to Ms. Miller that he had been consistently working 60 to 70 hours a week (sometimes more) but had not been paid appropriate

overtime compensation for those hours.  Ms. Miller responded by stating that she made Plaintiff "a lot of money" though that arrangement.

17. On June 19, 2018, Plaintiff again complained to Ms. Miller that she was not abiding by the agreed-upon schedule, and again brought up the fact that he had worked many hours of overtime without appropriate compensation.

18. The next day, June 20, 2018, Ms. Miller presented Plaintiff with a written counseling form and asked him to sign the "write-up." The write-up was supposedly due to Plaintiff calling a co-worker a "bum."

19. On June 20, 2018 (the same day Ms. Miller gave Plaintiff a written counseling form), Ms. Miller suspended Plaintiff's employment for three days and sent him home from work.

20. At the end of the three-day suspension, Plaintiff was informed by Ms. Miller that his employment had been terminated.

21. Defendants did not maintain accurate time records regarding Plaintiff's actual work hours, as required by law.  Nonetheless, Defendants knew or should have known that Plaintiff was working over 40 hours per week without proper overtime compensation.

22. The net effect of the policies and practices maintained and administered by Defendants, instituted and approved by a company manager, is that Defendants willfully failed to pay overtime compensation to Plaintiff.  Defendants thus enjoyed ill-gained profits at the expense of Plaintiff.

## **COUNT I: Failure to Pay Overtime in Violation of the FLSA**

23. Plaintiff reasserts and re-alleges the allegations set forth above.

24. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq*.

25. The FLSA regulates, among other things, the payment of overtime compensation to employees who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

26. Defendants, individually and/or collectively, are subject to the overtime pay requirements of the FLSA because they are enterprises engaged in interstate commerce and/or their employees are engaged in interstate commerce. Further, upon information and belief, Defendants, individually and/or collectively, are an enterprise whose annual gross volume of sales made or business done exceeds $500,000.

27. Plaintiff was not paid overtime wages for all hours worked beyond 40 hours in each workweek, and accordingly, Defendants have violated the FLSA.

28. Plaintiff is entitled to damages for unpaid overtime worked within the three (3) years preceding the filing of the Complaint, plus periods of equitable tolling, because Defendants acted willfully and knew—or showed reckless disregard for whether—their conduct was prohibited by the FLSA.

29. Defendants have not acted in good faith or with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recovery an award of liquidated damages in an amount equal to the amount of unpaid wages permitted by 29 U.S.C. § 216(b).  Alternatively, should the Court find that Defendants did not act willfully in failing to Plaintiff his overtime wages, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

30. As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, compensation has been unlawfully withheld by Defendants from Plaintiff.

Accordingly, Defendants are liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs and expenses in this action.

WHEREFORE, on Count I of this Complaint, Plaintiff demands judgment against Defendants and prays for:  (1) a declaration that Defendants violated the FLSA by not paying Plaintiff overtime wages; (2) unpaid overtime wages; (3) liquidated damages; (4) attorneys' fees, costs, and expenses; (5) pre-judgment and post-judgment interest as provided by law; and (6) such other relief as the Court deems fair and equitable.

### COUNT II:  Failure to Pay Overtime in Violation of the MMWL

31. Plaintiff reasserts and re-alleges the allegations set forth above.

32. At all relevant times herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the MMWL, R.S.Mo.§ 290.500 *et seq*.

33. The MMWL regulates, among other things, the payment of overtime wages by employers.

34. During all times relevant to this action, Defendants were the "employer" of Plaintiff within the meaning of the MMWL.

35. During all times relevant to this action, Plaintiff was Defendants' "employee" within the meaning of the MMWL.

36. Pursuant to the MMWL, employees are entitled to be compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of forty (40) hours in a workweek.

37. Defendants violated the MMWL by refusing and failing to pay Plaintiff all overtime wages required under the MMWL.

38. Plaintiff is entitled to damages equal to all unpaid overtime wages due within two (2) years preceding the filing of this Complaint plus periods of equitable tolling, as well as liquidated damages.

39. Plaintiff is entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

40. Defendants are liable pursuant to R.S. Mo § 290.527 for Plaintiff's costs and reasonable attorneys' fees incurred in this action.

WHEREFORE, on Count II of this Complaint, Plaintiff demands judgment against Defendants and prays for:  (1) unpaid overtime wages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by R.S. Mo. § 290.527; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

## COUNT III: Retaliation in Violation of the FLSA

41. Plaintiff reasserts and re-alleges the allegations set forth above.

42. Plaintiff engaged in activity protected by the FLSA, in that he complained about Defendants' unlawful pay practices set forth herein.

43. Defendants unlawfully retaliated against Plaintiff for engaging in this protected activity by: (a) giving Plaintiff a written counseling form after his complaints; (b) suspending Plaintiff's employment; and (c) terminating Plaintiff's employment.

44. Defendants discriminated against Plaintiff because of his protected activity, and accordingly, Defendants' actions violated the anti-retaliation provision of the FLSA.

45. As a direct and proximate result of Defendants' unlawful retaliation against Plaintiff, Plaintiff has sustained damages.

46. Defendants' actions were intentional, willful, knowing, wanton, and malicious, and

7

in flagrant disregard for the rights of Plaintiff, and entitle Plaintiff to an award of punitive damages.

WHEREFORE, on Count III of this Complaint, Plaintiff demands judgment against Defendants and prays for: (1) a finding that Defendants unlawfully retaliated against Plaintiff for engaging in protected activity under the FLSA; (2) an award of actual damages in an amount to be proved at trial, including but not limited to back pay, front pay, lost benefits, and emotional distress damages; (3) liquidated damages; (4) punitive damages to punish and deter Defendants and others from like conduct; (5) attorney's fees, costs, pre-judgment interest, and post-judgment interest; (6) reinstatement; and, (7) such other relief as the Court deems fair and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a trial by jury of all issues triable by jury.

Respectfully submitted,

**RIGGAN LAW FIRM, LLC**

/s/ Russell C. Riggan
Russell C. Riggan, #53060
Samuel W. Moore, #58526
132 W Washington Avenue, Suite 100
Kirkwood, Missouri 63122
Phone:  (314) 835-9100
Fax:  (314) 735-1054
russ@rigganlawfirm.com
smoore@rigganlawfirm.com